**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**LUPE TORRES**, individually and as
personal representative of the estate of
**ANTONIO TORRES**, deceased, and as
mother and next friend of **CHARLES
TORRES**, **RACHAEL TORRES**, and
**STEPHANIE TORRES**, minor children,

      Plaintiffs,

      vs.                                        No. CIV 05-606 MCA/KBM

**NEW MEXICO OFFICE OF THE
MEDICAL INVESTIGATOR**,
**ROSS E. ZUMWALT, M.D.,
CHIEF MEDICAL EXAMINER**,
in his official capacity, **ASPEN
FUNERAL ALTERNATIVES**,
**FRENCH MORTUARY**,
**NEW MEXICO DONOR SERVICES**
and **DCI DONOR SERVICES, INC.**,
a foreign nonprofit corporation,

      Defendants.

**MEMORANDUM OPINION AND ORDER**

      **THIS MATTER** comes before the Court after the expiration of the deadline for responses to the *Memorandum Opinion and Order* [Doc. 46] directing the parties to show cause why Plaintiffs should not be denied leave to amend their pleading and why this matter should not be remanded to the Second Judicial District Court for the County of Bernalillo, State of New Mexico.  Defendants New Mexico Donor Services and DCI Donor Services, Inc., are the only parties which have filed a timely response.  [Doc. 47.]  Having considered

the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court determines that the parties have not shown good cause for granting leave to amend Plaintiffs' pleading or exercising subject-matter jurisdiction over the remaining claims in this action, all of which arise under state law.

The *Memorandum Opinion and Order* [Doc. 46] filed on May 5, 2006, dismissed all of Plaintiffs' claims against Defendants New Mexico Office of the Medical Investigator and Ross E. Zumwalt, M.D., Chief Medical Examiner, in his official capacity, and explained why an attempt to amend Plaintiffs' pleading in order to add new federal civil-rights claims against Defendant Zumwalt in his individual capacity is likely to be futile and untimely. As a result of this ruling, there is no longer any federal question on which to support this Court's exercise of subject-matter jurisdiction under 28 U.S.C. § 1331.

Thus, the remaining claims are before this Court only by virtue of the supplemental jurisdiction conferred by 28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under [28 U.S.C. § 1367](a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

Before declining to exercise supplemental jurisdiction over the remaining claims in this case, Defendants New Mexico Donor Services and DCI Donor Services, Inc. ask the Court to consider whether the nature and extent of pretrial proceedings, judicial economy, convenience, and fairness would be served by retaining jurisdiction. See Anglemyer v. Hamilton County Hosp., 58 F.3d 533, 541 (10th Cir. 1995). In particular, these Defendants

point out that discovery is nearly complete, with one remaining deposition scheduled for May 24, 2006, and the close of discovery scheduled for June 1, 2006.  [Doc. 37, 47.]

At this juncture, the Court is not convinced that these factors weigh in favor of retaining jurisdiction.  The Court notes that none of the other parties have filed a timely response challenging the Court's reasons for denying leave to amend Plaintiffs' pleading and remanding the remaining claims to state court.  In addition, no other pretrial motions are pending, and the case is not set for trial until February 13, 2007, which is more than eight months away.  Under these circumstances, the parties have not shown why the discovery gathered to date could not be used in state court, or why they would be delayed or otherwise inconvenienced in filing and briefing any dispositive pretrial motions once the matter is remanded to that forum.

Moreover, the Court respectfully disagrees with the contention that Plaintiffs' remaining claims do not raise novel or complex issues of state law.  See 28 U.S.C. § 1367(c)(1).  The remaining tort and contract claims in Plaintiffs' *Amended Complaint* [Doc. 22] are by no means commonplace or straightforward in the context presented here.  Notions of comity and federalism demand that a state court try such claims in the first instance, absent compelling reasons to the contrary.  See Thatcher Enters. v. Cache County Corp., 902 F.2d 1472, 1478 (10th Cir. 1990).  A decision not to exercise supplemental jurisdiction is not necessarily fatal to these claims, as federal law provides for the remand of this action to the state court where it originated.  See, e.g., 28 U.S.C. §§ 1441(c), 1447(c).  For these reasons, I conclude that this action must be remanded to state court.

**IT IS THEREFORE ORDERED** that this matter is remanded to the Second Judicial District Court for the County of Bernalillo, State of New Mexico pursuant to 28 U.S.C. § 1447(c), each party to bear its own costs and attorney fees.

**SO ORDERED** this 31st day of May, 2006, in Albuquerque, New Mexico.

**M. CHRISTINA ARMIJO**
**UNITED STATES DISTRICT JUDGE**